## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROLAND TABB,**<br>**Individually and on behalf of all others**<br>**similarly situated** | § § § § | |
| *Plaintiff,* | § § | Civil Action No.  CIV-17-1130-D |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **MENTOR PROTECTION SERVICE LLC**<br>**and MARIO GOGGINS** | § § § | **COLLECTIVE ACTION** |
| *Defendants* | § § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Roland Tabb brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendants Mentor Protection Service LLC ("Mentor") and Mario Goggins ("Goggins") (collectively "Defendants") during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who worked for Defendants within the last three years and were paid by the hour but no overtime compensation.

1.3     Defendants misclassified Plaintiff and the Putative Class Members as independent contractors.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for any hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked over forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Roland Tabb ("Tabb") worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Tabb did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

2.2     The Putative Class Members are those current and former security guards who worked for Defendants at any time in the past three years and have been subjected to the same illegal pay system under which Plaintiff Tabb worked and was paid.

2.3     Mentor Protection Service LLC ("Mentor") is an Oklahoma limited liability company, having its principal place of business in Edmond, Oklahoma. Mentor may be served through its

---

[1] The written consent of Roland Tabb is attached hereto as Exhibit "A."

registered agent for service, **Mario Goggins, 16501 Fenwick Boulevard, Edmond, Oklahoma 73003**.

2.4     Mario Goggins ("Goggins") is an employer as defined by 29 U.S.C. § 203(d) and, along with Mentor, employed or jointly employed Plaintiff and the Putative Class Members. Mario Goggins may be served at **16501 Fenwick Boulevard, Edmond, Oklahoma 73003**, or wherever he may be found.

2.5     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Mentor and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District.

3.3     Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendants maintain their principal place of business in Edmond, Oklahoma, which is located in this District and Division.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees of Defendants who are (or were) security guards responsible for protecting and monitoring premises and materials that had been moved in or produced for commerce. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all security guards who worked for Mentor Protection Service LLC, at any time in the last three years and were paid hourly but no overtime."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1     Defendants provide security guards and patrolling services to corporate and individual clients in the State of Oklahoma.

5.2     To provide these services, Defendants employed numerous individuals to provide security and patrol services to their clients.

5.3     Plaintiff Tabb worked for Defendants from approximately November 2014 until October 2017.

5.4     Defendants paid Plaintiff and the Putative Class Members by the hour. Specifically, Plaintiff Tabb was paid twelve dollars ($12.00) per hour for all hours worked.

5.5     Regardless of the number of hours worked, Plaintiff and the Putative Class Members were never paid time and one half for any hours worked over forty in each workweek.

5.6     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff and the Putative Class Members usually worked fifty (50) hours a week for Defendants.

5.7     Though the nature of Plaintiff Tabb's relationship with Defendants was that of an employer-employee, he did not receive any of the benefits to which an employee is entitled under the

FLSA because he did not receive time and a half for all hours worked in excess of forty (40) in a workweek.

5.8    Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and their clients. Virtually every job function was pre-determined by Defendants, including the locations worked, the schedule of work, and related work duties.

5.9    Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

5.10    Defendants determined the hours Plaintiff and the Putative Class Members worked.

5.11    Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

5.12    Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

5.13    Defendants maintained control over pricing and marketing.

5.14    Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

5.15    Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members by the hour with no overtime pay.

5.16    Plaintiff and the Putative Class Members did not employ their own workers.

5.17    Plaintiff and the Putative Class Members worked continuously for Defendants on a permanent full-time basis.

5.18    Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, equipment, uniforms, and supplies. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance and bills.

5.19    Plaintiff and the Putative Class Members relied on Defendants for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the days (and hours) assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers.

5.20    Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days (and hours) they were allowed to work, which was controlled by Defendants.

5.21    Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, Plaintiff and the Putative Class Members were economically dependent upon Defendants for their work.

5.22    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.23    Defendants did not pay **_any_** overtime at all for work in excess of forty (40) hours per week.

5.24    Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

A.    **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production

of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B.     COLLECTIVE ACTION ALLEGATIONS

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10     The Putative Class Members are "all security guards who worked for Mentor Protection Service LLC, at any time in the last three years and were paid hourly but no overtime."

6.11    Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14    All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar security and patrol guards entitled to overtime after forty (40) hours in a workweek.

6.16    On information and belief, Defendants have employed a substantial number of employees in the State of Oklahoma during the past three years.

6.17    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations of federal wage and hour laws.

6.18    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19    Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL SECURITY GUARDS WHO WORKED FOR MENTOR PROTECTION SERVICE LLC, AT ANY TIME IN THE LAST THREE YEARS, AND WERE PAID HOURLY BUT NO OVERTIME**

# VII.
# RELIEF SOUGHT

7.1     Plaintiff respectfully prays for judgment against Defendants as follows:

a.      For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.      For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f.      For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g.      For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h.      For an Order awarding Plaintiff a service award as permitted by law;

i.      For an Order compelling the accounting of the books and records of Defendants; and

j.     For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 17, 2017                 Respectfully submitted,

By:     /s/ *Noble K. McIntyre*
         **Noble K. McIntyre**
         Oklahoma Bar No. 16359
         noble@mcintyrelaw.com
         **MCINTYRE LAW PC**
         8601 S. Western Avenue
         Oklahoma City, Oklahoma 73139
         Telephone: (405) 917-5250
         Facsimile: (405) 917-5405

         **Clif Alexander** *(Pro Hac Vice Forthcoming)*
         Texas Bar No. 24064805
         clif@a2xlaw.com
         **ANDERSON2X, PLLC**
         819 N. Upper Broadway
         Corpus Christi, Texas 78401
         Telephone: (361) 452-1279
         Facsimile: (361) 452-1284

         **Attorneys in Charge for Plaintiff and Putative Class Members**