# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROLAND TABB, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MENTOR PROTECTION SERVICE LLC and MARIO GOGGINS,<br><br>Defendants. | Case No. CIV-17-1130-D |

## ORDER

This matter comes before the Court on Plaintiffs' Motion for Entry of Final Default Judgment [Doc. No. 7]. On February 7, 2018, the Court Clerk entered default against Defendants Mentor Protection Service LLC and Mario Goggins [Doc. No. 6], and Defendants have not responded to the present motion. For the reasons stated below, the Court finds Plaintiffs' motion should be granted.

## BACKGROUND

Plaintiff Roland Tabb brought this putative collective action on behalf of himself and a class to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA" or "the Act"). Defendants were served with the Summons and Complaint on October 20, 2017 [Doc. No. 4]. To date, neither defendant has answered nor otherwise responded to the Complaint. On February 7, 2018, the Court Clerk entered default against

Defendants for failing to plead or otherwise defend the present action [Doc. No. 6]. Accordingly, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, individually, moves for an entry of default judgment consisting of statutory and liquidated damages totaling $20,448.00, post judgment interest in the amount of $345.57, attorney's fees in the amount of $2,425.00 and $1,681.49 in costs.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the Court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). The Court may consider a variety of factors in the exercise of such discretion, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[1] Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991). Nonetheless, default judgment is viewed as a

---

[1] "Although the *Ehrenhaus* test was born from a decision to dismiss a case, it is equally applicable to motions for default judgment." *Tom v. S.B., Inc.*, 280 F.R.D. 603, 610 (D.N.M. 2012) (citing *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011)).

reasonable remedy when the adversary process has been halted because of an essentially unresponsive party. *Id*.

## DISCUSSION

When a defendant fails to answer or otherwise defend against an action, Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps: the entry of default and the entry of default judgment. *See* Fed. R. Civ. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n. 1 (10th Cir. 2005) (unpublished) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of the Court to enter default. Fed. R. Civ. P. 55(a). Only when the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished) (holding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)). The procedural requirements for grant of default judgment by the Court is that the application be accompanied by an affidavit in compliance with LCvR 55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." To this end, it is undisputed Defendant has failed to answer or plead, default was entered by the Clerk, and Plaintiff has satisfied the Court's procedural requirements. *See* Pl.'s Mot. for Default Judgment and supporting Affidavit [Doc. Nos. 5, 5.1].

3

Upon an entry of default, the Court takes all the well-pleaded facts in a complaint as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (unpublished, citation omitted). However, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought.

Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law. Furthermore, a default judgment does not establish the amount of damages. Plaintiff must establish that the amount requested is reasonable under the circumstances.") (internal citations omitted); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory

allegations, nor does it excuse any defects in the plaintiff's pleading. Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.") (citations omitted).[2]

"If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 F. App'x at 925 (citation omitted); *H.B. Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

# I

Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment. The FLSA requires overtime pay of one and a half times an employee's

---

[2] *See also Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-1645, 2014 WL 3509201, at *5 (D. Colo. July 15, 2014) (noting that "federal courts have declined to enter default judgments based upon complaints lacking sufficient factual allegations to establish liability under the FLSA.") (collecting cases).

hourly wage for every hour worked over 40 hours in a week. 29 U.S.C. §207(a)(1). An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. 29 U.S.C. § 207(a); *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *see also Figueroa v. District of Columbia Metropolitan Police Dep't*, 633 F.3d 1129, 1134-35 (D.C. Cir. 2011) ("[A]n employee has carried out his burden [in an FLSA action] if he proves that he has in fact performed work for which he was improperly compensated.") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (paraphrasing in original)).

The Complaint alleges that Plaintiff Tabb worked as a security guard for Defendants from approximately November 2014 until October 2017. It states Plaintiff was paid twelve dollars ($12.00) per hour for all hours worked. Regardless of the number of hours worked, Plaintiff alleges he was never paid time and one half for any hours worked over forty in each workweek and that he regularly worked in excess of forty (40) hours per week, specifically, fifty (50) hours a week. Compl. at

5-6. Plaintiff contends his unpaid overtime wages total $9,360.00. *See* Mot. at 3. The Court, thus, concludes that Defendants are liable for Plaintiff's unpaid overtime.

Accordingly, it is evident from the limited record before the Court that entry of default judgment against Defendant is appropriate. First, the evidence suggests that Plaintiff has suffered quantifiable harm, and that he will continue to do so absent the entry of default judgment. Plaintiff would also be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery absent the entry of a default judgment. There is nothing in the record to suggest that Defendants have a triable defense as to liability; specifically, there is no evidence Defendants were exempt from paying overtime. The Summons served upon Defendants warned them that failing to respond to the Complaint would result in judgment by default. Given Defendants' refusal to appear or otherwise defend this action, the Court finds lesser sanctions would be ineffective.

Because Defendants have failed to respond to or defend this action in any way, the Court finds default judgment is appropriate under the circumstances.

## II

Employers who violate the FLSA are liable for both unpaid wages and an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid

7

minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1252 (10th Cir. 2017). To avoid such damages, the employer must show "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [it] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." *See* 29 U.S.C. § 260. Plaintiff seeks statutory damages totaling $20,448.00, which consists of his total unpaid wages plus an equal amount of liquidated damages. Accordingly, the Court must consider whether the facts contained in the Complaint, as well as the evidence submitted by Plaintiff in his filings, provide the Court with a sufficient basis to determine whether the requested damages are just.

Upon review of his submissions and affidavit, the Court finds Plaintiff is entitled to actual damages in the amount of $10,224.00. The amount requested is capable of mathematic calculation; Plaintiff has presented sufficient evidence that his unpaid wages totaled $9,360.00 and he did not receive his last paycheck from Defendants wherein he was owed $864.00. Moreover, the Court finds Plaintiff is entitled to liquidated damages totaling $10,224.00. If an employer fails to come forward with plain and substantial evidence to satisfy the good faith and reasonableness requirements discussed *supra*, the district court is *without discretion* to deny liquidated damages. *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181,

8

1192-93 (D. Colo. 2012) (quoting *Williams v. Tri-Cty. Growers, Inc.*, 747 F.2d 121, 129 (3rd Cir. 1984)). Because Defendants have failed to respond to or defend this action, the Court finds they are not entitled to a good faith defense. Accordingly, the Court finds Plaintiff is entitled to statutory and liquidated damages in the amount of $20,448.00.[3]

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment [Doc. No. 7] is **GRANTED** as set forth herein. A separate Default Judgment shall be issued accordingly.

**IT IS SO ORDERED** this 29th day of June 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's request for an award of attorney's fees and costs is not properly before the Court. Such motions must be filed no later than fourteen (14) days *after* the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). Upon resubmission, Plaintiff is reminded of his obligation under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and LCvR 54.2 to describe with particularity the tasks performed, and time spent on them. Moreover, Plaintiff has not established an entitlement to post-judgment interest, as it only accrues *after* the entry of judgment. *See* 28 U.S.C. § 1961(a); *Russo v. Ballard Med. Products*, 550 F.3d 1004, 1023 (10th Cir. 2008) ("[I]n 'the absence of legislative intent to the contrary, we conclude that postjudgment interest properly runs from the date of the entry of judgment….'") (quoting *Kaiser Aluminum v. Bonjorno*, 494 U.S. 827, 835 (1990)).