# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ROLAND TABB, individually and )
on behalf of others similarly situated, )
                                                   )
     Plaintiffs, )
                                                   )
v.                                                ) Case No. CIV-17-1130-D
MENTOR PROTECTION SERVICE )
LLC and MARIO GOGGINS, )
                                                 )
     Defendants. )

## ORDER

Before the Court is Plaintiff's Motion for Award of Reasonable Attorney's Fees and Costs [Doc. No. 10]. Defendants have not responded to the present motion. For the reasons stated below, the Court finds Plaintiff's motion should be granted.

## BACKGROUND

Plaintiff brought this putative collective action on behalf of himself and a class to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. ("FLSA" or "the Act"). On October 20, 2017, Defendants were served with the Summons and Complaint. Neither Defendant answered or otherwise responded to the Complaint [Doc. No. 1]. On February 7, 2018, the Court Clerk entered default against Defendants for failing to plead or otherwise defend the present action. [Doc. No. 6]. Plaintiff, individually, moved for entry of default judgement consisting of statutory and liquidated damages totaling $20,448.00 on April, 26, 2018. [Doc. No. 7]. On June 29, 2018, the Court granted Plaintiff's Motion for Entry of Final

Default Judgment [Doc. No. 8] awarding Plaintiff statutory damages in the amount of $10,224.00 and liquidated damages in the amount of $10,224.00, for a total of $20,448.00. Plaintiff timely filed his Motion for Award of Reasonable Attorney Fees and Costs.

## STANDARD OF DECISION

The Fair Labor Standards Act provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (2006); *see Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1308 (10th Cir. 2014); *Sanchez v. Nitro Lift Techs., L.L.C.*, 91 F. Supp. 3d 1218, 1222 (E.D. Okla. 2015). Although attorney fees are mandatory under the statute, the Court has discretion to determine the amount and reasonableness of the fee. *Olivo v. Crawford Chevrolet Inc.*, 526 Fed. Appx. 852, 855 (10th Cir. 2013); *Davis v. Crilly*, 2292 F. Supp. 3d 1167, 1173 (D. Colo. 2018). A reasonable rate is the prevailing market rate in the relevant community. *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). "Where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Id.,* at 1079 (citing *Case v. Unified Sch. Dist. No. 233,* 157 F.3d 1243 (10th Cir. 1998)).

In determining reasonable attorney's fees, the starting point is the "lodestar" figure – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). The party seeking an award of fees has the burden of proving both the number of hours spent and reasonableness of the

2

hourly rates. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000); *Barbosa v. Nat'l Beef Packing Co., LLC*, CIV.A. 12-2311-KHV, 2015 WL 4920292, at *9 (D. Kan. Aug. 18, 2015) ("The fee applicant bears the burden to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). If this burden is met, a claimant is entitled to the presumption that the lodestar amount reflects a "reasonable" fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

Once the Court determines the lodestar, it must then determine whether any upward or downward adjustments should be made to the lodestar "to account for the particularities of the suit and its outcome." *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012) (citation omitted). In assessing whether adjustments should be made, courts often consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, which include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714, 717-19 (5th Cir. 1974). It is rare that all factors are met. *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993). Although these factors may be considered, the court does not need to consider "the factors [ ] subsumed within the initial calculation of hours reasonably expended at a reasonable

3

hourly rate." *Hensley*, 461 U.S. at 434 n. 9. The lodestar calculation is meant to be the primary consideration when awarding fees rather than the *Johnson* factors. *Anchondo*, 616 F.3d at 1103 (citing *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542 (2010)).

## PLAINTIFF'S ATTORNEY FEES AND COSTS

By failing to answer or otherwise defend this case, Defendants admitted the Complaint's well-pleaded facts and forfeited their ability to contest those facts. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (citations omitted). As stated in its Order [Doc. No. 8], the Court found the uncontested facts constituted a legitimate cause of action for violation of the FLSA. Plaintiff is entitled to an award of attorney's fees and costs pursuant to the FLSA.

### A. Costs

Plaintiff seeks costs and fees in the amount of $1,681.49. [Doc. No. 10] at 7. In support of this request, Plaintiff presents the Declaration of Clif Alexander [Doc. 10-1], one of his counsel. Mr. Alexander provides an itemized accounting of the costs and fees requested. [Doc. No. 10-1] at 2. The Court finds these costs reasonable.

### B. Attorney Fees

Plaintiff seeks $2,425.00 in attorney's fees. Doc. No. 10] at 7. Plaintiff submits the declaration of his attorney, Clif Alexander, who attests that his firm spent seven and a half (7.5) hours working on this matter. Mr. Alexander was the primary attorney in the matter, and he attests he spent four (4) hours on the case and that Ms. Lauren Braddy, the other attorney in this matter, expended three and a half (3.5) hours. *Declaration of Clif Alexander* [Doc. No. 7-1] at 2. Mr. Alexander asserts that his rate is $400.00/hour and Ms. Braddy's

is $350.00/hour. *Id.*; *Declaration of Lauren Braddy* [Doc. No. 7-2] at 2. Both attorneys provide contemporaneous time records demonstrating the work and time expended on this case. Doc. No. 7-1 at 2, 4; Doc. No. 7-2 at 4.

As stated above, the lodestar amount is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. The Court has reviewed counsel's time records and finds that they describe with particularity the tasks performed and time spent on them. The Court has examined the fee statement for duplication of services, excessive time billing for particular tasks, use of too many attorneys, unnecessary performance of clerical tasks by lawyers, and other work deemed unnecessary or irrelevant, and finds no reduction of time is required. Although this case resulted in default judgment, Plaintiff's counsel was still required to draft and file the Complaint [Doc. No. 1], Motion for Default Judgment [Doc. No. 7], and Motion for Attorney Fees [Doc. No. 10], as well as perform all other incidental tasks required to adequately represent and maintain a professional relationship with their client. The Court finds that the claimed 7.5 hours of attorney work on this case is reasonable.

In support of the claimed hourly rate, Plaintiff's counsel provides the declarations of two attorneys from another case asserting that hourly rates ranging from $325.00 to $850.00/hour are reasonable and customary in Fair Labor Standard Act cases. *Declaration of Daniel M. Delluomo* [Doc. No. 7-3] at 2; *Declaration of William B. Federman* [Doc. No. 7-4] at 2. Plaintiff also presents a Motion for Approval of Settlement [Doc. No. 7-6] and an Order Approving Settlement [Doc. No. 7-5] from another case involving his current counsel. In those documents, Mr. Alexander represented that his rate was $400/hour.

Plaintiff also cites cases from around the Tenth Circuit in which hourly rates similar to those he requests were approved. The Court finds that Plaintiff has also presented ample evidence as to his counsel's expertise, qualifications, skills, and experience with FLSA cases, as well as the novelty and difficulty of FLSA cases. Defendants failed to contest Plaintiff's evidence or present any of their own.

Once the requesting party has met its evidentiary burden, a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. *Robinson*, 160 F.3d at 1281. The Court finds that the lodestar calculation is $2,825.00. The court also notes that this fee equates to only 13.81% of the total $20,448.00 awarded to Plaintiff.

As explained below, the Court finds no adjustment to the lodestar is warranted based on the *Johnson* factors as they are either subsumed by the lodestar calculation or are neutral:

### *1. Time and Labor Required*

This issue was adequately addressed through the lodestar calculation.

### *2. Novelty and Difficulty of Questions Presented*

The Court finds this was a straightforward Fair Labor Standards Act case and the skill level and experience necessary to take on this matter is properly accounted for in the hourly rates requested. This factor is neutral.

### *3. Skills Requisite to Perform the Legal Service Properly*

The approved hourly rate in the lodestar analysis reflects the expertise of counsel. Thus, this factor is neutral.

*4. Preclusion of Other Employment*

Under the circumstances of this case, this factor is not applicable.

*5. Customary Fee*

This issue was adequately addressed through the lodestar calculation.

*6. Whether the Fee is Fixed or Contingent*

This issue was adequately addressed through the lodestar calculation.

*7. Time Limitations Imposed*

Under the circumstances of this case, this factor is not applicable.

*8. Amount Involved and Results Obtained*

This issue was adequately addressed through the lodestar calculation.

*9. Experience, Reputation, and Ability of the Attorneys*

As discussed, the skill and experience of Plaintiff's counsel is reflected in the reasonable hourly rates in the Court's lodestar analysis. This factor is neutral.

*10. Undesirability of the Case*

Under the circumstances of this case, this factor is not applicable.

*11. Nature and Length of Professional Relationship with the Client*

Plaintiff's counsel present no evidence of a pre-existing attorney-client relationship with Plaintiff. The meaning of this factor, however, and its effect on the calculation of a reasonable attorney's fee is unclear, and "the courts applying this factor typically state that this particular standard is irrelevant or immaterial." *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1272 (D. Kan. 2017) (citation omitted). This factor is thus neutral.

*12. Awards in Similar Cases*

Under the circumstances of this case, this factor is not applicable.

Based on the evidence submitted and the lodestar calculation, the Court finds that Plaintiff is entitled to an award of attorney fees in the amount of $2,825.00.

## CONCLUSION

As set forth herein, Plaintiffs' Motion for Attorneys' Fees and Costs [Doc. No. 10] is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $2,825.00 and costs in the amount of $1,681.49.

**IT IS SO ORDERED** this 23rd day of October, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE